IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN PAUL WOODRUFF,	No. C 09-5416 CW (PR)

    Petitioner,	ORDER OF DISMISSAL

  v.

VAUGHN R. WALKER, et al.,

    Respondents.
                                    /

    Petitioner Kevin Paul Woodruff, a federal prisoner currently incarcerated at the United States Penitentiary in Allenwood, Pennsylvania, filed a document entitled, "Common Law Writ of Sequestration/Petition for Writ of Habeas Corpus."  The Clerk of the Court filed Petitioner's motion as a new habeas corpus action.  He has paid the $5.00 filing fee.  He has also filed a motion entitled, "Motion for Leave to Issue Marshall Process, Subpoena Without Prepayment of Costs."

    According to the docket sheet in Petitioner's federal criminal case, <u>United States v. Woodruff</u>, Case No. CR 93-0438-01 VRW, Petitioner was sentenced on July 14, 1998 by the Honorable Vaughn R. Walker of this Court to 235 months in federal prison followed by three years of supervised release.

    Petitioner is currently serving his federal sentence.  It is not clear from the contents of the petition whether Petitioner is challenging the legality of his 1998 federal criminal conviction and sentence in Case No. CR 93-0438-01 VRW or challenging the execution of his sentence.  However, as explained below, Petitioner may not seek habeas relief from this Court under either 28 U.S.C. § 2255 or § 2241.

A prisoner, such as Petitioner, in custody under sentence of a federal court, who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Only the sentencing court has jurisdiction. See id. at 1163. A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to § 2241.[1] See Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991).

Under § 2255, the federal sentencing court is authorized to grant relief only if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." There are time constraints on a § 2255 motion. A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action

---

[1] A federal prisoner may attack the validity of his conviction and sentence under § 2241 only if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'" United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). This is a very narrow exception. See id. For example, the remedy under § 2255 generally will not be inadequate or ineffective due to the delay in considering a motion under § 2255 until direct appeals are resolved, see id. at 299, or due to the fact that a previous § 2255 motion was denied, see Aronson v. May, __ U.S __, 85 S. Ct. 3, 5 (1964); Tripati, 843 F.2d at 1163.

2

prevented the petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Because Petitioner's conviction has been final for many years, he will need to show that subsection (2), (3) or (4) applies. The statute of limitations in § 2255 is also subject to equitable tolling. United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In Pace v. DiGuglielmo, the Supreme Court stated that, generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. 408, 418 (2005).

If instead Petitioner seeks to challenge the execution of his federal sentence, he may file a petition under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980) (parole decision claim); see also Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of presentence time credit).

If Petitioner challenges the legality of his federal sentence he should use the enclosed form for a § 2255 motion. The § 2255

3

1 motion must contain the caption and civil case number used in his
2 criminal case, United States v. Woodruff, Case No. CR 93-0438-01
3 VRW. Petitioner named Judge Walker as a Respondent in this action;
4 however, as the sentencing judge, Judge Walker cannot rule on a
5 § 2255 motion if he is named as a party. Therefore, Petitioner
6 should not name Judge Walker as a party if he files a § 2255
7 motion.

8 If Petitioner wishes instead to challenge the execution of his
9 sentence he should file a petition under § 2241 in the federal
10 district court with jurisdiction over his custodian. See Rumsfeld
11 v. Padilla, 542 U.S. 426, 440-42 (2004). This Court has no
12 jurisdiction over the warden of the United States Penitentiary in
13 Allenwood. See Hassain v. Johnson, 790 F.2d 1420, 1420 (9th Cir.
14 1986) (no jurisdiction in California to address petition from
15 inmate incarcerated in Arizona); United States v. Giddings, 740
16 F.2d 770, 771 (9th Cir. 1984) (no jurisdiction in Washington to
17 address petition from inmate incarcerated in Kansas).

18 Accordingly, the petition is DISMISSED without prejudice to
19 filing a § 2255 motion in his criminal action, or a petition for a
20 writ of habeas corpus under 28 U.S.C. § 2241 in a court with
21 jurisdiction over his custodian.

22 The Clerk of the Court shall enter judgment in accordance with
23 this Order, terminate all pending motions, including Petitioner's
24 "Motion for Leave to Issue Marshall Process, Subpoena Without
25 Prepayment of Costs" (docket no. 3), and close the file.

26 The Clerk of the Court shall send Petitioner a blank form for
27 a § 2255 motion.

28

4

This Order terminates Docket no. 3.

IT IS SO ORDERED.

Dated: 2/16/10

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA | |
| KEVIN-PAUL WOODRUFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VAUGHN R. WALKER et al,<br><br>　　　　Defendant.　　　　　　　　／ | Case Number: CV09-05416 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Paul Woodruff Reg. No. 56195-097　　　　w/blank 2255 form
USP-Allenwood
P.O. Box 3000
White Deer, PA 17887

Dated: February 16, 2010

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Sheilah Cahill, Deputy Clerk